UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONTAY D. JOYNER,

    Petitioner,

-vs-                                    Case No.  8:03-CR-450-T-27TGW
                                                               8:05-CV-855-T-27TGW

UNITED STATES OF AMERICA ,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate in a Federal penal institution proceeding *pro se*,[1] filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2004 conviction for attempt to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846 (CR Dkt. 46/CV Dkt. 1). Petitioner has also filed a Motion for an Extention [sic] of Time to File a Supportive Memorandum (CV Dkt. 2).

Petitioner requests a 90-day extension of time in which to file a memorandum in support of the claims asserted in his § 2255 motion, stating that the extension is necessary

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings (2004). Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, Petitioner must also provide a self-addressed envelope with $3.95 postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

to allow the Clerk enough time to prepare transcripts for him. As Petitioner was advised in the May 2, 2005 order (CR Dkt. 45), he must arrange for the preparation of transcripts at his expense.

The Court has reviewed the § 2255 motion and finds that, contrary to the express directions of Rule 2(b), the motion does not "state the facts supporting each ground" asserted therein. *See* Rule 2(b), Rules Governing Section 2255 Proceedings (2004). In his ineffective assistance of counsel claim, Petitioner states:

> Counsel was ineffective for failing to file a notice of appeal. Counsel was ineffective for failing to object to the indictment. Counsel was ineffective for not moving to suppress Petitioner's post-arrest statements. Counsel was ineffective for not investigating the facts and circumstances of this case and familiarizing himself with applicable law. Counsel was ineffective for failing to object to the quantity of drugs used for punishment. Counsel was ineffective for failing to move for discovery. Counsel was ineffective when negotiating Petitioner's change of plea and plea agreement.

CV Dkt. 1 at 6. Petitioner does not provide any factual support for any of these assertions. He will, therefore, be required to amend his § 2255 motion.

Petitioner is further cautioned that to secure a hearing on his claims, a habeas petitioner must allege facts, which, if true, would entitle him to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc).

In preparing his amended motion, Petitioner should set forth all his claims for relief and the facts he contends support said claims. *See* 28 U.S.C. §§ 2244(a) & 2255 as they relate to successive petitions. *See also Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules supercedes the original complaint); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and*

*Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (same); *Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958)² (same). The only claims properly before this Court will be the ones asserted in the amended motion.

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk shall **STRIKE** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CR Dkt. 46/CV Dkt. 1).

2. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the enclosed form. Petitioner must set forth with **specificity** each of his claims for relief **and** a brief statement of the facts which support the claim(s). Failure to comply with the terms of this order within the allotted time shall result in the automatic **dismissal** of this case **without further notice**.³ Extensions of time will not be granted.

3. The Motion for an Extention [sic] of Time to File a Supportive Memorandum (CV Dkt. 2) is **GRANTED** to the extent that Petitioner shall file a memorandum of law in support of his § 2255 motion consistent with the provisions of Local Rule 3.01(c) (M.D. Fla. 2004) within **THIRTY (30) DAYS** of the date on which the Clerk makes a copy of the transcript(s) available to him.

---

²Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. See *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

³The time in which a federal habeas petition is pending does not toll the one-year limitation period. See *Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002).

4. The **Clerk** shall enclose two copies of the court-approved form for use in filing § 2255 motions with Petitioner's copy of this order. This case number should be affixed to the forms.

**ORDERED** in Tampa, Florida, on _May 17th_, 2005.

_____
JAMES D. WHITTEMORE
United States District Judge

SA: jsh
Copy to: All Parties/Counsel of Record